AMY S. PARK (S.B. #208204)
apark@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:   +1 650 473 2600
Facsimile:    +1 650 473 2601

Attorneys for Defendants
Thomas A. Bevilacqua, Bruce G. Bodaken,
Mariann Byerwalter, Jerome D. Gramalia,
John W. Larson, Robert L. Metzger and
Edward C. Nafus

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVYN KLEIN,<br><br>           Plaintiff,<br><br>     v.<br><br>JOSEPH L. JACKSON, et al.,<br><br>           Defendant. | Case No. 18-cv-04445-JSW<br><br>**JOINT STATUS UPDATE** |

The parties submit this joint status update in response to the Court's February 4, 2022, Order requiring a report on the current status of this matter.

On July 23, 2018, Plaintiff Melvyn Klein, then a shareholder of WageWorks, Inc., filed this shareholder derivative case on behalf of WageWorks.  Soon thereafter, the Court entered an order staying the case indefinitely.

On August 30, 2019, WageWorks merged with HealthEquity, Inc.  As a result of that transaction, Defendants contend Plaintiff and all other WageWorks shareholders lost standing to pursue any derivative claims as a matter of law.  Plaintiff contended, however, that under Delaware law applicable to WageWorks,

he had an economic interest in the derivative litigation and possessed a direct inseparable fraud claim to remedy unlawful conduct that occurred pre-merger. *See ParfiHolding AB v. Mirror Image Internet, Inc.*, 954 A.2d 911, 939 (Del. Ch. 2008); *Ark Teacher Retirement System v. Caiafa*, 996 A.2d 321, 323 (Del. 2010). This claim for inseparable fraud was litigated in a separate, parallel action in *In re WageWorks Derivative Litigation*, Lead Case No. 18CIV03264, California Superior Court, San Mateo County. That action was dismissed without prejudice on forum selection grounds and the dismissal was affirmed on appeal.

On February 17, 2022, counsel for Plaintiff filed a Suggestion of Death Upon the Record pursuant to Federal Rule of Civil Procedure 25(a), informing the Court and Defendants of Plaintiff's passing.

Defendants submit that the Court should now enter an order dismissing this action and closing the case. Rule 25(a)(1) provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. Civ. Proc. R. 25(a)(1). Defendants contend that because the WageWorks-HealthEquity merger extinguished the right of Plaintiff and all other WageWorks shareholders to pursue a derivative claim on WageWorks' behalf, there is no legal right or basis for any person to be substituted in Plaintiff's place. Accordingly, Defendants respectfully submit that this action should be dismissed now and an order be entered closing the case.

Plaintiff's counsel is currently aware of no shareholder other than Mr. Klein or those who take under his death as potentially claiming any legal right or authority to substitute in as a plaintiff in this derivative action.

Dated: February 18, 2022

AMY S. PARK
O'MELVENY & MYERS LLP

By: /s/ Amy Park
    Amy S. Park
Attorneys for Defendants
Thomas A. Bevilacqua, Bruce G. Bodaken, Mariann Byerwalter, Jerome D. Gramalia, John W. Larson, Robert L. Metzger and Edward C. Nafus

Dated: February 18, 2022

MICHAEL S. DICKE
CATHERINE KEVANE
KATHERINE MARSHALL
FENWICK & WEST LLP

By:   /s/ Catherine Kevane
    Catherine Kevane
Attorneys for Defendant
Joseph L. Jackson

Dated: February 18, 2022

IGNACIO SALCEDA
WILSON SONSIN GOODRICH & ROSATI
PROFESSIONAL CORPORATION

By:   /s/ Ignacio Salceda
    Ignacio Salceda
Attorneys for Nominal Party
WageWorks, Inc.

Dated: February 18, 2022         THOMAS J. MCKENNA
                                 GAINEY McKENNA & EGLESTON

                                 JON A. TOSTRUD
                                 TOSTRUD LAW GROUP, P.C.


                            By:    /s/ Thomas J. McKenna
                                      Attorneys for Plaintiff

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: February 18, 2022         AMY S. PARK
                                 O'MELVENY & MYERS LLP

                                 By: /s/ Amy Park
                                       Amy S. Park